**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Reichardt,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC, et al.,<br><br>    Defendants. | No. CV-18-00223-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. (Doc. 15.) Plaintiff has filed a Response (Doc. 21) and Trans Union a Reply (Doc. 23). The Court finds that Plaintiff has not demonstrated that Trans Union inaccurately reported her credit information, and has failed to state a claim for which relief may be granted. Because the factual basis for Plaintiff's claims against Trans Union and Equifax are identical, and the legal reasoning for dismissal applies in both instances, the Court will grant the Motion to Dismiss and dismiss the claims against both parties with prejudice.

**I.  Defendants JP Morgan Chase Bank, N.A. and Wells Fargo Bank, N.A.**

As a preliminary matter, Plaintiff filed a Notice of Voluntary Dismissal with Prejudice as to JP Morgan Chase Bank, N.A. ("Chase") on October 9, 2018 (Doc. 26), and another as to Wells Fargo Bank, N.A. ("Wells Fargo") on October 18, 2018 (Doc. 28). These parties will be dismissed with prejudice, each party to bear its own attorneys' fees and costs. Therefore, the only remaining parties are Trans Union and Equifax.

## II. Motion to Dismiss Standard of Review

A complaint must include a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A mere "recitation of the elements of a cause of action will not do." *Id*. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. When considering a motion to dismiss, the court takes all allegations in the complaint as true and views any inferences in favor of the non–moving party. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 679.

## III. Factual Summary

The material facts in this case are undisputed. Ms. Reichardt filed for Chapter 13 bankruptcy on February 4, 2014. (Doc. 1 at 3, ¶9.) Her Bankruptcy Plan indicated that her Wells Fargo and Chase mortgage trade line accounts ("Accounts") would be paid directly from Ms. Reichardt to Wells Fargo and Chase (collectively "Furnishers"), rather than through a bankruptcy trustee. (*Id*. at ¶ 10; Ex. B, Doc. 15-1 at 54.)[1] Her Bankruptcy Plan was confirmed on January 24, 2015. (*Id*. at ¶ 11.) An order of discharge was issued on April 5, 2017. (Ex. C, Doc. 15-1 at 64-67.)

When Ms. Reichardt subsequently received her Trans Union and Equifax credit

---

[1] The Court may consider the bankruptcy filings in a Motion to Dismiss without converting the motion into summary judgment because (1) Ms. Reichardt relied upon these documents in her complaint and their authenticity is not disputed, and (2) courts may take judicial notice of public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

files; they stated her Accounts were closed and failed to reflect the monthly payments she made after bankruptcy. (Doc. 1 at 4, ¶ 12.) The report indicated Ms. Reichardt made her last payment to Wells Fargo in May 2014; to Chase, in October 2013. (*Id*. at ¶ 13.)

Ms. Reichardt contacted Trans Union and Equifax (collectively "CRAs") around February 2018, informing them that the Accounts were not part of her bankruptcy and so her payments should be reported on her credit report. (*Id*. at ¶¶ 17-18.) Ms. Reichardt then received notification from the CRAs that her lines of credit were reporting correctly (*Id*. at ¶¶ 21, 23) and that the CRAs refused to report her post–bankruptcy payments. (*Id*. at ¶¶ 22, 24.)

Ms. Reichardt alleges that because the payments to the Furnishers on the Accounts were being made personally and not as a part of the Bankruptcy Plan, the CRAs were required to report the payments made post–bankruptcy. (*Id.* at ¶ 17-18.) Not doing so resulted in false and inaccurate information on her credit report. (*Id*. at ¶¶ 14, 15.) Counts V through VIII of the Complaint allege both negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against the CRAs for failing to conduct reasonable reinvestigation as required under 15 U.S.C. § 1681i and for failing to accurately report the post–bankruptcy payments as required under 15 U.S.C. § 1681e(b). (*Id.* at 11-16.)

### IV. Fair Credit Reporting Act

To protect consumers from the transmission of incorrect personal information and to prevent meritless injury to credit, the FCRA mandates that a credit reporting agency must take "reasonable measures to assure maximum possible accuracy" of an individual's consumer report. 15 U.S.C. § 1681e(b); *see also* 15 U.S.C. § 1681i(a)(1)(A) (upon receipt of a reported inaccuracy, a consumer agency shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."). While generally the determination of whether a credit reporting agency's efforts were reasonable is a factual issue for a jury, dismissal "is appropriate when only one conclusion about the conduct's reasonableness is possible." *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1157 (9th Cir. 2009).

To state a prima facie claim of a violation of the FCRA, the claimant must allege (1) that there is an inaccuracy in the claimant's credit report; (2) that the claimant made the credit reporting agency aware of the inaccuracy; and (3) the credit reporting agency did not investigate the dispute or did not follow the principles stated in 15 U.S.C. §§ 1681(b)(1)(A)-(E). *Garrity v. Capital One Nat'l Ass'n*, No. CV-16-04432-PHX-JJT, 2017 WL 3772985, at *2 (D. Ariz. May 23, 2017) (citing *Corns v. Residential Credit Sols., Inc.*, No. 2:15–cv–1233–GMN–VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016)). To be inaccurate a statement must be "patently incorrect" or materially "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman*, 584 F.3d at 1163).

### a. Discharge of Debt

"[A]ll debts provided for by the [bankruptcy] plan or disallowed under section 502" are discharged with the issuance of a discharge order, unless the debt qualifies as an exception as defined under 11 U.S.C. §§ 1328. 11 U.S.C. 1328(a). The District of Oregon Bankruptcy Court explained when a debt is "provided for." It stated:

> The Bankruptcy Code allows for a discharge of debts provided for in a plan, but it does not define the term "provided for." . . . When construing a statutory phrase that includes an undefined term, courts are to "construe that term according to its ordinary, contemporary, common meaning." *Ransom v. MBNA Am. Bank, (In re Ransom)*, 380 B.R. 799, 807 (9th Cir. BAP 2007). The Supreme Court has noted that the "most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in a plan." *Rake v. Wade*, 508 U.S. 464, 473 (1993). . . . In the specific context of § 1328(a), the Court noted that the phrase "provide for" "is commonly understood to mean that a plan 'makes a provision' for, 'deals with,' or even 'refers to' a claim.

*In re Kent*, 2016 WL 9488860, at *3 (D. Or. Jan. 22, 2016) (alterations in original). The Ninth Circuit Bankruptcy Court broadens the meaning of "provided for" to include any debt when it is "deal[t] with" in any manner and "upon any terms"–not simply when a debt is paid through a bankruptcy trustee. *See In re Gregory*, 19 B.R. 668, 669-70

- 4 -

(B.A.P. 9th Cir. 1982), *aff'd sub nom.* 705 F.2d 1118 (9th Cir. 1983); *see also In re Tomlan*, 102 B.R. 790, 793-94 (E.D. Wash. 1989), *aff'd*, 907 F.2d 114 (9th Cir. 1990).

A credit reporting agency need not continue to report a mortgage account when the debtor's personal liability on the mortgage account was discharged through bankruptcy, regardless of whether the debtor continues to make payments on the mortgage. *See Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp.3d 665, 674-75 (E.D. Penn. 2015); *see also Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 734 (10th Cir. 2014) ("making payments on the mortgage to prevent foreclosure did not mean that [the claimant] truly owed anything on the discharged account.").

## V. Parties' Positions

Trans Union contends that this case should be dismissed because under the FCRA, its reporting was not inaccurate. (Doc. 15 at 6.) In the alternate, Trans Union was not required to resolve the legal question of whether Ms. Reichardt's discharged debt relieved her of personal liability on the debt. *Id*. Ms. Reichardt argues that the Accounts were excepted from discharge under the Bankruptcy Plan because the Plan indicated that Ms. Reichardt would pay the Furnishers directly. (Doc. 21 at 2-3.) She claims that Trans Union should have reviewed the Bankruptcy Plan, known that the Accounts were not included, and corrected the information to reflect the continuing payments. (*Id*. at 3-4.)

## VI. Factual Inaccuracy

The Bankruptcy Plan clearly states, "Debtor will pay direct to creditor." (Ex. B, Doc. 15-1 at 54.) This was an explicit term of the Plan that "provided for" the Accounts. Because they were provided for, the Accounts are considered discharged–unless Ms. Reichardt shows the Accounts fall under an exception.

In addition, Ms. Reichardt has not shown that the Plan did not relieve her of liability on the Accounts. The Bankruptcy Plan states that Ms. Reichardt's estimated arrearage on the Accounts equaled zero dollars. (Ex. B, Doc. 15-1 at 54, 58.) This further supports the contention that her personal liability for the Accounts was discharged through the bankruptcy proceedings and the CRAs report was accurate. The Federal Trade Commission's FCRA commentary notes the limited information that should be

included in a discharged debt. "A consumer report may include an account that was discharged in bankruptcy, as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." 16 C.F.R. pt. 600 app. § 607(b)(6) (2010). Ms. Reichardt alleges that the Accounts were reported as closed, and no further payments recorded. Given Ms. Reichardt's pleaded facts and the Bankruptcy Plan, the CRAs had no further duty to report. Stating that the account was closed and no further payments made post–bankruptcy did not create a materially misleading impression requiring the CRAs to correct the information. Therefore, the report also cannot be determined unreasonable. *See e.g., Horsch v. Wells Fargo Home Mortg.*, 94 F.Supp.3d 665, 677 (E.D. Penn. 2015).

## VII.   Exceptions to Discharge

If a debt is provided for, it is not discharged if it is excepted. Under the statute, "excepted" has a distinct meaning. A debt is considered excepted only under the situations presented in 11 U.S.C. § 1328. 11 U.S.C. § 1328(a). Ms. Reichardt does not argue her situation falls under any subsection of § 1328, but instead claims that the Bankruptcy Plan is excepted because of the notation that her payments shall be made directly to the Furnishers. (Doc. 21 at 6.) Ms. Reichardt's assertion fails because the situation does not fit into one of the statutory exceptions. Therefore, the Accounts are discharged. She has not shown–or pleaded–that she retained liability after the enactment of the Bankruptcy Plan, and therefore the CRAs reports cannot be construed as misleading or inaccurate.

Taking the facts in the light most favorable to Ms. Reichardt, she has failed to establish that there is a factual inaccuracy that required revision of her credit reports. Although her barren pleading contention claims there is an inaccuracy, her factual basis indicates otherwise. Because of this failure, she also cannot show that the CRAs investigation was unreasonable. Her citation to *Hamm v. Equifax Information Services*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759 at *3 (D. Ariz. Jul. 24, 2018) does not alter the Court's analysis. The Court need not determine whether the inaccuracy is a legal question, because it finds that, as pleaded, Ms. Reichardt has not demonstrated that the

report was inaccurate. In addition, the Court finds that amendment will not affect the result.

Finally, because the determination of the Motion for Summary Judgment is equally applicable to Trans Union and Equifax, the Court dismisses the claims against both parties.

IT IS ORDERED:

1. Defendants JP Morgan Chase Bank, N.A. and Wells Fargo Bank, N.A. are DISMISSED WITH PREJUDICE with each party to bear its own attorneys' fees and costs.
2. Defendant Trans Union's Motion for Summary Judgment is GRANTED. Defendants Trans Union and Equifax are DISMISSED WITH PREJUDICE.
3. The Clerk of Court shall docket accordingly and close the case file in this matter. Dated this 25th day of March, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge